IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JORDAN WHEELER PLAINTIFF

v. Civil No. 6:26-cv-06062-MEF

ARKANSAS DEPARTMENT OF CORRECTIONS; SERGEANT SEIGAL; MAJOR OTTS; and WARDEN WHITE DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to a district court judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). The case is before the Court on Plaintiff's failure to obey orders of the Court.

## I. DISCUSSION

Plaintiff, who is proceeding *pro se*, filed his Complaint in the Eastern District of Arkansas on May 7, 2026. (ECF No. 1). That Court entered an Order on May 15, 2026, transferring the case to this Court. (ECF No. 2). Three days later, this Court entered an Order directing Plaintiff to submit an Amended Complaint on the court-approved form for this district, which Plaintiff did. (ECF Nos. 6, 7). On June 25, 2026, this Court noted that Plaintiff had neither paid the filing fee nor applied to proceed *in forma pauperis*, and it entered an Order directing him to do one of these things by July 16, 2026. (ECF No. 8). Plaintiff never responded; so, on August 13, 2026, this

Court entered an Order directing Plaintiff to show cause for his failure to obey the previous Order, giving him a deadline to do so by September 3, 2026, and warning him that if he missed this deadline then "this case shall be subject to dismissal." (ECF No. 9). Plaintiff never responded to that Order either. On August 24, 2026, the mailing of that Show Cause Order to Plaintiff was returned to this Court as undeliverable. *See* ECF No. 10. A month has now passed since that mailing was returned, and Plaintiff still has not provided this Court with any updated address where he may be reached.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case because a plaintiff fails to prosecute or fails to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties who appear *pro se* to monitor the case, to prosecute or defend the action diligently, and to promptly notify the Clerk and the other parties to the proceedings of any change in their address.

## II. CONCLUSION

Accordingly, it is RECOMMENDED that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of September 2026**.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE